# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

RAFAEL BOAS,

      Plaintiff,

vs.

CAPITAL ONE BANK (USA), N.A.,

      Defendant.

_____/

### **COMPLAINT**

**COMES NOW**, the Plaintiff, RAFAEL BOAS, ("Plaintiff") by and through undersigned counsel, and brings this action against the Defendant, CAPITAL ONE BANK (USA), N.A., ("CAPITAL ONE"), and as grounds thereof would allege as follows:

### **JURISDICTION**

1. This is an action for damages that exceed $15,000.00, exclusive of attorney's fees, pre-judgment interest and costs. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this

1

case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c)

4. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

**PARTIES**

5. Defendant, CAPITAL ONE BANK (USA) N.A., is a nationally chartered bank and wholly-owned subsidiary of Capital One Financial Corporation, with its principal place of business at 1680 CAPITAL ONE Drive, McLean, Virginia 22102.

6. At all times relevant to this complaint, CAPITAL ONE has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(14).

7. At all times relevant to this complaint, CAPITAL ONE engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(43).

8. At all times relevant to this complaint, CAPITAL ONE engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(22).

9. At all times relevant to this complaint, CAPITAL ONE has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(52).

10. At all times relevant to this complaint, CAPITAL ONE has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

11. At all times relevant to this complaint, the Plaintiff, CAPITAL ONE, was and is a natural person  "person" as defined by 47 U.S.C. § 153(32).

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff had a consumer credit account with CAPITAL ONE.

13. Upon information and belief, according to Defendant's records, Plaintiff failed to make payments on the account.

14. Defendant began contacting Plaintiff attempting to collect the alleged debt, including by use of telephone calls.

15. On August 5, 2015, Plaintiff spoke with a CAPITAL ONE representative who gave the name Ebbany and requested that CAPITAL ONE cease calling his cell phone and stop contacting him.

16. Ebbany informed Plaintiff that they will continue to call.

17. Despite Plaintiff's request to stop contacting him, Defendant continued to call and left numerous messages on Plaintiff's cell phone.

18. Upon information and belief, Defendant, CAPITAL ONE, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiffs' cellular telephone, (646)673-6455.

19. These calls originated from 800-955-6600, and include, but are *not limited* to, calls placed on:

| | |
|---|---|
| August 23, 2015 | September 26, 2015 |
| August 25, 2015 | September 29, 2015 |
| August 27, 2015 | |
| August 29, 2015 | |
| August 30, 1015 | |
| September 13, 2015 | |

20. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

21. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

23. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

### **COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)**

24. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 23.

25. Defendant placed many non-emergency calls, including but limited to the calls referenced in paragraphs 19, to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial prerecorded voice in violation of 47 U.S.C §227 (b)(1)(A)(iii).

26. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

47 U.S.C. § 227(a)(1).

27. Plaintiff requested Defendant stop calling his cell phone and was an express revocation of any such consent.

28. For each of the above phone calls placed to Plaintiff's cellular telephone, Plaintiff has been charged by his telephone service provider.

29. Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system or used a prerecorded voice.

30. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

31. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

32. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested

33. with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

34. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

35. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

36. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

37. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for statutory damages of $1,500.00 for each and every violation, and for such other and further relief as justice may require.

## **DEMAND FOR JURY TRIAL**

Plaintiff, RAFAEL BOAS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Shaya Markovic
Shaya Markovic, Esq.
Florida Bar # 92858
Shaya@markoviclaw.com
*Attorney for Plaintiff*
Law Office of Shaya Markovic, P.A.
1221 South 21st Avenue
Hollywood, FL 33020
Telephone: 954-399-9850
Facsimile: 954-399-9854